■ In the Matter of the Claim of JOSEPHINE NELLIS, Respondent, against FRANK A. DIODATO et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Employer and carrier appeal from a decision of the Workmen's Compensation Board holding that the mother of the deceased employee was partially dependent upon him. Dependency is the only issue. At the time of the decedent's death, claimant, mother, was divorced and had been residing with her three minor children, including decedent. She was receiving approximately $35 per week for the support of the children, no part of which was for her own support. She had to go to work to support herself. There is evidence that when decedent became 16 years of age and obtained employment he suggested that his mother quit her job and do the housekeeping and care for the family and that he would contribute toward her support. This was done. There is testimony that decedent actually did assist substantially in the expenses of the household by payments directly to his mother. We think the record presents nothing but a question of fact and that there is adequate evidence to sustain the finding of dependency. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.

■ GERALDINE GODIN, Respondent v. ROBERT WELCH et al., Appellants. RICHARD GODIN, Respondent, v. ROBERT WELCH et al., Appellants.— Appeal from an order of the Supreme Court, Franklin County, which set aside verdicts of no cause of action rendered by a jury in favor of the defendants in each of the above-entitled actions. These cases involved an automobile accident in which the car of the defendant Doan, operated by the defendant Welch, struck the rear of a car, owned and operated by the plaintiff Godin, in which his wife, the plaintiff Geraldine Godin, was riding at the time. The Godin car was standing still at the time, being held up by a line of cars waiting for a traffic light to change. It rested over the brow of a hill and the defense apparently was to the effect that the pavement was wet, and the driver of the defendant Doan's car, which was approaching from the other side of the hill did not see the Godin car in time to stop short of a collision although he applied his brake. We are inclined to the view that the verdicts were against the weight of evidence, but in any event the colloquy between the Trial Justice and certain members of the jury when the verdicts were reported would indicate that the jury did not clearly understand the issues involved. We think the Trial Justice wisely exercised his discretion in setting the verdicts aside. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.